(Decided 18th February, 1881.)

WILLIAM H. RUBY AND HENRY C. LONGNECKER *vs.* THE STATE OF MARYLAND, use of ELIZABETH A. VERNAY, by her husband and next friend, JOHN J. VERNAY.

*Action by a Legatee on Executors' Bond—Evidence—Defective Prayer.*

The *narr.* in a suit by a legatee on an executors' bond against the executors and sureties, set out the bond, its approval by the Orphans' Court, and that the executors undertook and assumed the office of executors of J. H. W., deceased, and alleged that the executors had not faithfully performed their duties without injury to persons interested, and assigned as breach " that large amounts of money came into their hands as executors, which were properly due and payable by them to E. A. V., (the legatee,) as and for her share of the estate of her father, the said J. H. W., deceased, yet the executors failed and neglected to pay over to her a large amount of said money, to wit: the sum of $652; although such proceedings were had in the Orphans' Court of Baltimore County, that on the 23rd January, 1878, an order was passed by said Orphans' Court, whereby the said executors were expressly ordered to pay over to the said E. A. V., the said sum of $652, in full of her share of the said estate." It further alleged notice to the executors, demand and non-payment, and consequent liability of the defendants. To this *narr.* the appellants demurred. HELD:

Ruby and Longnecker *vs.* The State, use of Vernay.

1st. That the demurrer should be overruled.

2nd. That the will of J. H. W. was properly admitted as evidence in support of E. A. V's right of action.

3rd. That a record of the proceedings in the Orphans' Court showing the indebtedness of the executors to E. A. V., and containing the order of that Court directing its payment, was admissible in evidence.

4th. That a prayer of the defendants, that the administration accounts of the executors, wherein they craved allowance for $205.69, to have been paid E. A. V. in full of her share of the estate, be declared conclusive, and that the plaintiff could not recover, was properly rejected.

APPEAL for the Court of Common Pleas, on removal from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

*Exceptions.*—At the trial the defendants took three exceptions, which are substantially stated in the opinion. The third exception contains the four prayers offered by the defendants, which on being rejected by the Court, (BROWN, J.,) the defendants excepted, and the verdict and judgment being for the plaintiff, the sureties appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*B. C. Barroll,* for the appellants.

*W. A. Hammond,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This suit was brought upon the bond of Owen Wright, Albert Wright and Alexander F. Gaw, as executors of Joseph H. Wright. The appellants, who were securities, on that bond, pleaded separately from the principals, and prosecute this appeal. The equitable plaintiff is one of

the residuary legatees under her father's will, and this suit was instituted for the purpose of recovering the plaintiff's share of his estate.

The *narr.* sets out the bond which was in the penalty of twenty thousand dollars, dated the 25th of August, A. D. 1875, and was properly conditioned for the discharge, by the executors, of their duty as such, as required by law. It alleges that this bond was duly approved by the Orphans' Court of Baltimore County, and "that Owen Wright, Albert Wright and Alexander F. Gaw undertook and assumed the office of executors of the estate of Joseph H. Wright deceased." The *narr.* then proceeds to set out the breach for which suit was brought, in the following language: "And the plaintiff now says, that the said Owen Wright, Albert Wright, and Alexander F. Gaw have not performed the conditions of said bond, and have not well and truly performed the office of executors as aforesaid, according to law, and have not in all respects discharged the duties required of them, as executors aforesaid, without any injury or damage to any person interested in the faithful performance of said office, and in particular the plaintiff now avers that large amounts of money came into the hands of the said Owen Wright, Albert Wright, and Alexander F. Gaw, as executors, which were properly due and payable by them to Elizabeth A. Vernay, as and for her share of the estate of her father, the said Joseph H. Wright, deceased; yet the said executors failed to pay over to her a large amount of said money, to wit, the sum of six hundred and fifty-two dollars, although such proceedings were had in the Orphans' Court of Baltimore County, that on the 23rd of January, A. D., 1878, an order was passed by said Orphans' Court, whereby the said executors were expressly ordered to pay over to the said Elizabeth A. Vernay, said sum of six hundred and fifty-two dollars, in full of her share of the estate. Yet the plaintiff says, that

although the said executors had full knowledge and notice of the premises, and especially of said order of said Orphans' Court, they did not comply therewith, nor have they, nor any of them, as yet paid over to the said Elizabeth A. Vernay, or to any one on her behalf, said sum of six hundred and fifty-two dollars or any part thereof, although often requested and required so to do, and by reason thereof the said defendants became and were liable to pay said sum of six hundred and fifty-two dollars, with all interest accruing or to accrue thereon. Nevertheless the said defendants, though often requested so to do, have not yet paid the said sum or any part thereof, but have hitherto wholly neglected and refused so to do, to the damage of the plaintiff, &c."

To this declaration the appellants demurred, which demurrer was overruled, and the propriety of that ruling forms the first subject of consideration.

The main ground, upon which this demurrer was pressed, is that an action at law will not lie for a legacy, and that resort must be had to another forum. This proposition cannot be sustained. It is no longer an open question in this State. The duty of the executor is to pay a legacy; and failure to do so is a breach of the condition of his bond for the faithful discharge of his duty. For that breach, suit will lie on the bond, for the recovery of its penalty; and judgment may be had therefor, to be released on the payment of "such damages as may be assessed in respect to the particular breach assigned." *State, use of Thompson vs. Wilson,* 38 *Md.,* 342.

Several technical objections to the *narr.* have been suggested, none of which do we think well taken. It is insisted that there is no direct assertion in the *narr.* of a will, or that the equitable plaintiff is a legatee under it; that no copy of the bond is filed with the *narr.*, and lastly, that the breach assigned, is the non-payment of a sum of money ordered by the Orphans' Court of Baltimore

County to be paid, which order it is contended was void for want of jurisdiction to pass it.

The third section of Art. 75 of the Code of Public General Laws declares any declaration, which contains a plain statement of the cause of action or the facts necessary to constitute it, sufficient; and we think this declaration contains enough facts to sustain the action, and justify recovery. A substantial statement of the cause of action is all that is required under our system of pleading. *Crichton, et al. vs. Smith, et al.,* 34 *Md.,* 46. This suit is upon an executor's bond, which is substantially set out in the *narr.* wherein the principal obligors are described, as executors of Joseph H. Wright; and the condition of the bond which is set out, is for the faithful discharge of duty as such executors. The giving of bond as executors necessarily presupposes a will from which authority to act as executors was derived. It was enough therefore, to set out the bond and the breach without further allegation about a will. The will would be mere matter of evidence which by the second section of Article 75 of the Code, it is not necessary to set out. The objection that there is no sufficient allegation of the fact that Elizabeth A. Vernay was entitled to anything under the will, is unsubstantial. The *narr.* directly claims she is entitled, and sues for non-payment. Whether she was or not was matter of evidence to be derived from the will. If the bond was not sufficiently set out, the appellants could have craved oyer and secured its production. It was not necessary to file a copy with the *narr.* It would only be necessary to introduce it to sustain the suit on trial as evidence. The remaining objection, that the *narr.* is founded on an order of the Orphans' Court which that Court could not pass, will be more fully treated of hereafter on the exception to the admission in evidence of that order. In this place it is only necessary to say, that its introduction into the *narr.* was unnecessary; but did not

vitiate.   The suit was on the bond for the breach in not
paying the plaintiff the money claimed to be due her.
The Orphans' Court's order inserted in the declaration
was merely evidence of such claim.   There was no error
in overruling the demurrer.

The appellants pleaded five pleas, the third of which
was withdrawn and is not before us.   The first and second
were mere traversers of the allegations of the declaration.
The fourth was a plea of *nul tiel* record, and applied
to the proceedings in the Orphans' Court set out in the
*narr.;* and the fifth was a plea of payment.   Issue was·
joined on all.   The fourth was tried by the Court.   It
was an immaterial issue, as the action was not really
based on the order, and the record was only matter of
evidence.   The Court properly found, however, that there
was such record, and its admissibility as evidence will be
presently considered.   The first bill of exceptions pre-
·sents the question of the admissibility of the will of Joseph
H. Wright, the defendants' testator, as evidence in sup-
port of the plaintiff's right of action.   As that will made
the equitable plaintiff one of the residuary legatees, it was
the very foundation of her claim and right to sue for non-
payment by the executors ; and there was no error in
·admitting it.

The second bill of exceptions complains of the admis-
·sion as evidence of certain proceedings in the Orphans'
·Court of Baltimore County, whereby it was ascertained
that the appellant's principals, as executors, were indebted
to the equitable plaintiff in the sum of six hundred and
fifty-two dollars.   The record offered consisted:   1. Of
the bond of the executors.   2. The petition of the equita-
ble plaintiff alleging errors in the executors' accounts
and omissions therefrom of moneys received by them and
not accounted for, and praying for the surcharging and
·correction thereof.   3. The citation issued by the Court
for the executors.   4. The answer of the executors admit-

ting that on full settlement they owed the equitable plaintiff $652.00, which the petitioner had agreed to take and release them; to which answer was appended the assent of petitioner's counsel. 5. The order of the Orphans' Court directing the payment by the executors of the sum so admitted to be due to the petitioner, and directing that order "to stand in lieu of a third administration account," and directing each party to pay his own costs of that proceeding.

In the admission of this evidence there was no error. It is conceded by the appellant's counsel that the Orphans' Court had authority to act on the petition of the appellee, and to cite the executors to respond, and to coerce the return of moneys unaccounted for, and to correct the accounts. If it were not so conceded, it is nevertheless the law, and this Court has on repeated occasions so affirmed. *Wilson vs. McCarty's Executor, p.* 277, *ante.* But it is contended that the Orphans' Court did not proceed regularly; and that because the account was not *formally stated* and approved, what was done was without authority, and is therefore not evidence. The accounts of an executor or administrator have always been held *prima facie evidence* against the executor or administrator in suits between them and persons interested in the estate; but they are only *prima facie. Gist's Adm'r vs. Cockey & Fendall,* 7 *H. & J.,* 134; *Scott vs. Fox,* 14 *Md.,* 388. That the proceedings offered in this case were *prima facie* evidence of the facts set out, at least, is clear; and more was not asked by appellee's counsel. He admitted they were liable to be controverted, that is to say, the facts they purported to establish could be disproved by competent testimony. The admission of the executors in their answer of an amount then due the plaintiff, as an admission of record to charge them was not only admissible against them, but also against the sureties; who, if they could, might have shown it was a mistake, or that it

was a collusial admission to their prejudice. The order of the Orphans' Court, passed upon the petition, answer, and consent of the petitioner we think was also admissible to show, that the Orphans' Court, upon the matter before them, adjudged this sum due the petitioner and directed that it be paid. The form of disposing of the matter is somewhat out of the usual mode of proceeding, but we do not think it affects the question.

By the 231st section of Art. 93 of the Code of Pub. Gen. Laws the Orphans' Courts are clothed with full power to " examine, hear and decree upon all claims and demands existing between wards and their guardians, and between *legatees*, or *persons entitled to* distributive shares of an intestate's estate, and *executors* and administrators, and may enforce obedience to their decrees in the same ample manner as Courts of equity." This was a determination of the question at issue by the Court, and we cannot say it was such a departure from the usually adopted method of adjudication, as not to be received as authorized action. The Court could have given notice as required by the Code on the application of the executor, and after such notice have made a distribution. The Court evidently thought this needless, for *all the parties in interest were present* assenting to the order which was passed. The appellee and the executors were all the distributees, and what was not awarded to the appellee went to the executors. A more formal account and distribution was deemed unnecessary ; and the order was passed in its stead.

The third exception embraces the prayers which were rejected. The first, third and fourth prayers present questions already disposed of in passing upon the demurrer and exceptions to evidence, and further comment is unnecessary. The second prayer asks that the administration account of executors, wherein they " crave allowance for $205.69 to have been paid Elizabeth A. Vernay, in full of her share of the estate be declared conclusive, and that

the plaintiff cannot recover," was correctly rejected. It ignored all the evidence of errors, and the admission of the executors of such errors and the amount due the plaintiff.

Finding no error in the several rulings of the Court, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided 18th February, 1881.)