# MARYLAND REPORTS.

## OCTOBER TERM, A. D., 1883.

Thomas W. Campbell *vs.* State of Maryland, use of James W. Dittman, Administrator d b. n. c. t. a. of William Gregory.

*Inadmissible evidence.*

By order of the Orphans' Court certain property was sold by executors, and the sale was reported to the Court, and by it, in pursuance of the written consent of the executors and purchaser, ratified. The property was conveyed by the executors to the purchaser. The proceeds of the sale were not forthcoming on the order of the Court, because the surviving executrix said her co-executor who managed the business was dead, and she could not respond. The letters testamentary were revoked, and letters of administration *d. b. n. c. t. a.* were granted. In an action on the executors' bond by the administrator, the defendant offered to prove by the purchaser, as reported, of the property, who was one of the distributees of the estate, and one of the parties in remainder, that she never paid a dollar of the purchase money, and that no consideration, whatever, passed to the executors for the conveyance to her of the property, so far as she knew. Held :

That the offered proof was inadmissible.

Appeal from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. At the trial of the case below, a suggestion of the death of John Robinson, one of the defendants, was made in open Court before the jury was sworn.

*First Exception.*—The defendant to maintain further the issue on his part, offered to prove by Mrs. Mary C.

1                          v. 62.

Mitchell, the party named as the purchaser of the property on Hollins street, in the report of sale alleged to have been made and submitted to the Orphans' Court, and by it ratified, that she did not buy the property as stated; that she never paid to the executors of William Gregory a dollar of purchase money, and that no consideration, whatever, passed to the executors for the conveyance to her of the said property, so far as she knows; that said evidence is offered by the defendant, as well to surcharge and falsify the account of the executors offered in evidence by the plaintiff, as to sustain the issue of fraud as charged in defendant's plea in the sale of the property, as pretended to have been made, raised by the defendant's plea to the amended declaration. To this evidence the plaintiff objected, and the Court (PHELPS, J.,) sustained the objection; whereupon, the defendant excepted.

*Second Exception.*—The plaintiff offered the following prayer:

That if the jury shall find from the evidence, the bond sued upon to have been given, and that at the date of the administration account given in evidence, the surviving executrix had, or ought to have had, in her hands the proceeds of the sale of the Hollins street lot specified in said account, and the inventory so given in evidence, and as so ascertained, then the plaintiff is entitled to recover the said amount, but without any allowance for interest, their verdict not to exceed, however, the penalty of the said bond.

The Court granted the prayer of the plaintiff, and thereupon the defendant excepted. There was a judgment for plaintiff for $3600, and the defendant appealed.

The cause was argued before ALVEY, C. J., STONE, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*William Pinkney Whyte*, for the appellant.

Campbell *vs.* State, use of Dittman, &c.

*George Hawkins Williams*, for the appellee.

IRVING, J., delivered the opinion of the Court.

The essential facts of this case will be found in the report of the case on the former appeal, in . 57 *Md.*, 486. After the remand the declaration was amended by adding the averment, that the Orphans' Court of Baltimore County had ordered the administrator *de bonis non* to sue the bond of the executor whose letters were revoked. To this amended declaration the defendants pleaded, first, performance, and secondly, that the sale of the Hollins street property, which was reported, was never in fact made to Mrs. Mitchell, who was one of the distributees of the estate and one of the parties in remainder, but was only colorable; that no money was paid, and the whole thing was prepared and arranged to hold the executor's bond of Susan Gregory liable. Issue was joined and trial proceeded to judgment. Under the first exception the ground of appeal is the rejection of evidence intended to support the second plea, which was in substance an allegation of false and fraudulent sale and accounting. The defendants (appellants) offered to prove by Mrs. Mitchell, the person to whom the report states the property was sold, and to whom the same was conveyed, that she did not buy it; and that so far as she knows no consideration was paid the executors. This was the whole offer, and it does not appear it was to be accompanied with or followed by any other proof. To see that the Court was right in its rejection, it is necessary to recur to some of the facts it was intended to answer, and from the effects of which it was expected thereby to escape. The defendants had offered the executors' bond, on which defendants were sureties; the appraisement, including Hollins street property as part of the estate, the sale thereof by order of the Orphans' Court, the report whereof stated that the same was sold for thirty-six hundred dollars, being twenty-three dollars over the appraisement;

the assent in writing of the executors and Mrs. Mitchell, the purchaser, to its immediate ratification; the order of the Orphans' Court ratifying the sale, which order recited that the same was passed in pursuance of the written consent of the executors and purchaser. In addition to all this the plaintiff had offered the account of Susan Gregory, surviving executrix, (the other executor having died,) wherein she charges herself with the proceeds of sale of this Hollins street property at thirty-six hundred dollars, claimed and secured allowances for disbursements and stated the balance for distribution. This was under oath and was passed by the Court. To this was also added the deed of the executors for the property to Mrs. Mitchell, the offered witness. From all this it is clear, that the Hollins street property was a part of the estate, duly appraised; that by order of the proper Court it was sold; and that the sale was ratified, and the property conveyed away so that it no longer existed as part of the estate, and could not be reached as such unless the sale could be and was set aside by a competent tribunal, and the property restored to the estate. · The proceeds of the sale were not forthcoming on the order of the Court, because the surviving executrix said the co-executor who managed the business was dead and she could not respond. Here was an undeniable *devastavit*, although the testimony offered be all true. It was a wasting of the estate, in violation of duty, for the discharge of which faithfully the defendants were sureties. The administrator *d. b. n. c. t. a.* representing distributees and remainder-men sues therefor, and the contention in defence is that because the money was not received from Mrs. Mitchell, the purchaser, and she will so say, but without the payment thereof they conveyed the property to her, and by that means enabled her to convey to innocent purchasers, therefore the securities are not liable in this suit. In other words the very impropriety of conduct, against which they stipulated in the bond, is urged as a reason why they should not be made

answerable in this suit at law. This cannot be the law and ought not to be. If that contention were sustained, the bond would be no protection against misconduct, but would be a mere delusion and a snare. It has long been the law of this State, by uniform decision, that accounts of executors and administrators are only *prima facie*, and mistakes and errors may be corrected in a Court of law or equity; but a mistake or error must be conclusively shown in a legitimate way. Admissions of executors and administrators may also be explained, and some may be proved to be collusive; but the offered proof does not establish such a collusion as was intended to be saved by the Court's language in the case of *Ruby and Longnecker vs. The State, use of Vernay*, 55 *Md.*, 484. If there were no such property as that which appears to have been sold, and the whole thing was a fabrication of assets having no existence; or if the offer was to show that the property was reported to be sold for a sum in excess of its actual value, and which excess was not paid, the case would present a different attitude; and there can be little doubt that to the extent of the excess of consideration, beyond the appraised value, the defendants would be entitled to abatement, if it appeared that there was a pretended sale only, for such excessive sum. The proof offered, however, was not tendered for the purpose of showing a pretended sale beyond actual value; nor does it tend to prove any thing on the subject of value. It is offered to show there was no sale at all; that it was all fraudulent and the appellants are not bound by it. The sale was authorized by a competent tribunal; it has been adjudged to have been effected by the same tribunal, which has ratified and confirmed it. This proof attacks it collaterally, and even if the jury in this case should think the contention well founded, their verdict would not set the deed aside. If there be ground for equitable interference, the appellants must seek it. They are not entitled to defeat this action

by such proof and drive the appellee into a Court of equity, to assert a claim which is uncertain, and may or may not be held good. Having been ordered to sell and having reported a sale to the Court, which it has approved, it was the duty of the surviving executrix to have the money in Court subject to the Court's order; and if she did not obey the order, the former decision of the cause establishes her liability and that of her securities. They must be liable for her frauds as well as defaults, if either results in prejudice to parties entitled to complain. It is proper to add, that the witness by whom the offer of proof was made, appears by the record to have signed an agreement in the presence of an attesting witness, assenting to the ratification of the very sale which she is offered to impeach, by saying she did not buy and did not pay the purchase money. It does not appear that she was expected to say her signature was a forgery; and it may be the Court supposed that under the doctrine of *Ringgold vs. Tyson*, 3 *H. & J.*, 172, she could not be heard as a witness to allege her own turpitude in impeachment of a sale which she had endorsed, by her signature, in assent to its ratification as *bona fide* and fair. But even if a denial of such signature and assent on her part to the ratification of the sale is reasonably involved in the offer made, yet what she does offer to say, does not prove there was no consideration moving to the deed. She was expected to say, that only so far as she knew there was no consideration paid. Her husband was acting with her. He united in the petition for the money to be brought in, which culminated in the removal of the executrix and the appointment of the appellee as adm'r, *d. b. n. c. t. a.* It may be that he paid the money and had the title made to the wife. However that may be, under all the circumstances of this case, we think the Court was right in rejecting the offered proof as insufficient to bar recovery, and as not tending to prove a case for less verdict than the sum with which the executrix had

·charged herself in the Orphans' Court, as the value of the property sold.

It follows from what we have said in the former appeal, and in this, that there is no ground for reversal by reason of any supposed infirmity in the instruction granted, of which complaint is made by the second exception. The jury does not seem to have been misled. Under the proof, as the case was presented, they were justified in finding for the amount they did. There was no ground laid for abatement therefrom by reason of excess over value ·of property wasted, or of recoupment as suggested at the hearing, by reason of any body's interest in the amount involved as distributee. Any rights which the sureties may be supposed to be entitled to by subrogation, because of the life interest of Mrs. Gregory in the fund, or for any other reason, must be asserted in another forum, or in ·another way. It is not raised in the pleadings of this case.

*Judgment affirmed.*

